Copper Plumbing, Inc. *v.* Macioce, Appellant.

Argued April 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Emil W. Herman*, with him *Don S. Carpenter*, and *Rothman, Gordon, Foreman & Groudine*, for appellant.

*Bernard J. Sweer*, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

In this appeal from an order refusing to grant a new trial, appellant contends that the trial judge erred in limiting the cross-examination of appellee's witness.

The appellant was a general contractor for the construction of three "Winky's Restaurants" in Allegheny County: in Swissvale, Pleasant Hills, and Castle Shannon. The appellee corporation was a plumbing sub-contractor which sued for work performed at the three restaurants.

The appellee's complaint in assumpsit was in two counts: the first for the "inside" plumbing work and the second for the "outside" plumbing work. Appellant's answer admitted an oral contract for the inside work, but did not admit an express contract for the outside work. Instead, the answer alleged that the invoices prepared by appellee did not reflect the prices agreed

upon for the outside work, and that much of the work, both inside and outside, was either not performed at all or not done according to specifications. Prior to trial, the appellee amended his complaint to exclude any claim for amounts due for outside work at the Swissvale restaurant.

The error complained of relates to the trial judge's refusal to allow appellant's counsel to cross-examine appellee's president with respect to the preparation of invoices for outside work at the Swissvale restaurant. The trial judge sustained the appellee's objection to such examination because the Swissvale contract was not in issue.

The scope and extent of cross-examination traditionally rests within the sound discretion of the trial judge. "[C]onsiderable latitude must be left to the trial judge, and his action will not be reversed in the absence of an abuse of discretion, or unless an obvious disadvantage resulted therefrom to the other party." *Woodland v. Philadelphia Transport Co.*, 428 Pa. 379, 386, 238 A. 2d 593, 596 (1968). A review of the record in the instant case discloses no such abuse of discretion and no particular injury or disadvantage to the appellant.

The evidence showed that the appellee's president prepared the invoices for the various contracts on the basis of information provided by employees who either supervised or actually performed the work. Appellant's counsel fully and extensively cross-examined the appellee's representatives concerning every itemized charge contained in the invoices and each element of work claimed to have been completed. With respect to the preparation of the invoices in issue, there was a full development of the manner in which each itemized charge was included in the final invoices and the method by which the prices were calculated. Thus, the factual issues were fully and extensively developed for the jury's consideration.

Under these circumstances, we cannot say that the trial judge abused his discretion by not allowing cross-examination on a matter not actually in issue at trial. Nor can we find any apparent injury or disadvantage to appellant as a result of the trial judge's restriction that would justify the granting of a new trial.

Order affirmed.

DISSENTING OPINION BY SPAETH, J.:

This is an appeal from an order refusing to grant a new trial.

Plaintiff-appellee is a plumbing subcontractor, and defendant-appellant a general contractor. The complaint is in two counts and concerns plumbing work done by appellee at three restaurants—one in Swissvale, one in Castle Shannon, and one in Pleasant Hills. The first count alleges a contract to do the plumbing work inside the restaurants for an agreed price of $2,400 per restaurant, or a total of $8,400, of which $2,550 is said to remain unpaid. The second count alleges a contract to do the plumbing work, and also to lay utility lines, outside the restaurants in accordance with specifications and prices as stated in three invoices attached to the complaint as exhibits. The prices stated in the invoices are $2,255.20 for the Swissvale restaurant, $2,149.00 for the Castle Shannon resturant, and $2,168.14 for the Pleasant Hills restaurant, or a total of $6,572.34, all of which is said to remain unpaid.

Appellant's answer admits the contract for the inside work but does not admit the contract for the outside work, instead alleging that certain of the prices reflected in the invoices were not as agreed. With respect to both the inside and outside work the answer alleges that much of the work either was not done or was not done according to the specifications. As a result, it is alleged, nothing is due appellee, and by new

matter and counterclaim it is pleaded that because of the cost of completing or correcting the work, $3,275.10 is due appellant.

Immediately before the trial, appellee requested and was granted leave to amend its complaint to delete the claim for $2,255.20 for outside work at the Swissvale restaurant, thereby reducing the claim for outside work from $6,572.34 to $4,317.14. During the trial, counsel for appellant tried to cross-examine appellee's president, who had sworn to the complaint, with respect to this deletion. However, counsel for appellee objected, and the trial judge sustained the objection. In my judgment this was reversible error.

The resolution of the issues depended upon the jury's assessment of the various witnesses' credibility. Partly this was so because the contract for the outside work was oral (so was the contract for the inside work, but its terms were not disputed), but it was especially so because of the manner in which appellee did business. Appellee's president was not a master plumber and did not supervise the work; instead he concerned himself with bookkeeping and with the preparation of invoices, specifically, in the present case, the three invoices for the outside work. The work was supervised by the president's brother and by another man, and the president prepared the invoices according to what his brother told him. Thus it appeared that appellee's bookkeeper did not know what work had been done, and appellee's supervisor did not know how the invoices were prepared. In these circumstances it was essential to permit cross-examination of appellee's president as to how it had happened that he had prepared and submitted an invoice for outside work at the Swissvale restaurant, later stating under oath that the work had been "done" and the invoice was "presently due and owing," only to withdraw the invoice when confronted with appellant's allegation that the work had not been done.

It will be recalled that each of the three invoices for outside work was for about the same amount. If upon being required to prove a claim, the plaintiff admits that the claim cannot be supported as to one-third, the defendant is entitled to infer that so may the plaintiff be unable to support the balance of his claim. More specifically: If it could be shown that appellee's president either on his own or in reliance on what his brother had told him had submitted a false invoice for work at the Swissvale restaurant, appellant was entitled to ask the jury to infer that so were appellee's other claims false, and that this was so with respect to all of appellee's claims, both for outside and inside work.

One of the most important functions of cross-examination is to develop and to point up for the jury just such an inference. In *Conley v. Mervis,* 324 Pa. 577, 188 A. 350 (1936), the plaintiffs had been injured by a truck bearing tags owned by the defendant, so that a rebuttable presumption arose that the truck belonged to the defendant and was driven by his servant in the scope of his employment. In holding that the defendant's counsel should have been permitted to cross-examine the defendant, who had been called as a witness by the plaintiffs, with respect to whether the tags had been loaned to anyone and whether in fact the truck had been driven by the defendant's servant in the scope of his employment, the court approved counsel's argument that "cross-examination [may] embrace any matter touching upon or connected with the question of ownership of the tags, including all the inferences arising therefrom . . ." *Id.* at 580, 188 A. at 352. When in the present case counsel for appellant attempted his cross-examination, he stated that he wished "to develop any inconsistencies" in the testimony of appellee's president and of the president's brother. It was therefore no answer for the trial judge to sustain objection to the cross-examination on the ground that the invoice

that counsel wished to ask about had been withdrawn by appellee and therefore "really is not an issue here."

These considerations are particularly compelling in the present case, for had the cross-examination been permitted, the jury's verdicts might have been much different. The jury found for appellee on the counterclaim; on the complaint the jury found for appellee in the amount of $4,774.04, on a total claim of $6,867.14 ($2,550 on the first count plus $4,317.14 on the second count as amended). Thus the jury demonstrated that even without the benefit of what it might have learned from the cross-examination it did not believe a substantial part of appellee's testimony.

The order of the court below should be reversed and the case remanded for a new trial.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.